1
2
3
4
5
6
7

**SULAIMANLAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

8
9
10

**THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| ALEJANDRO H. VALERA, <br><br> Plaintiff, <br><br> v. <br><br> KIMBALL, TIREY, & ST. JOHN, LLP, and EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendants. | Case No.  5:24-cv-00663 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **DEFENDANTS' VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681** *et seq.* <br> 2. **KIMBALL TIREY & ST. JOHN, LLP'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.* <br> 3. **KIMBALL TIREY & ST. JOHN, LLP'S VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.* |

**COMPLAINT**

26

27

28

  **NOW COMES** ALEJANDRO H. VALERA ("Plaintiff"), by and through the

undersigned counsel, complaining as to the conduct of KIMBALL TIREY & ST.

JOHN, LLP, ("KTS") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or collectively "Defendants") as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*, as well as KTS's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 et seq., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), pursuant to Cal. Civ. Code §1788 *et seq.*

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by the FCRA, FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b)(1)-(2) as Plaintiff resides in the principal place of business is in the Central District of California and a substantial portion of the events or omissions giving rise to Plaintiff's claims against Defendants occurred in the Central District of California.

### PARTIES

5.      Plaintiff is a consumer over 18-years-of-age who resides in Murrieta, California.

2

6.      KTS is a law firm and debt collection agency engaged in the business of collecting or attempting to collect, directly or indirectly, consumer debts owed to third parties using the mail and telephone from consumers located across the country, including in the state of California. KTS is a limited liability partnership that maintains its principal place of business located at 7676 Hazard Center Dr., Suite 900, San Diego, California 92108.

7.      Experian is a consumer reporting agency that maintains credit information on millions of U.S. consumers and businesses. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California.

8.      Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.      On March 21, 2022, Plaintiff and his spouse moved out of their Solana Ridge apartment in Temecula, California with a final balance of $288.04.

10.      Specifically, Plaintiff owed a remaining balance of $438.04 on his Solana Ridge apartment, however, upon final review, the apartment manager revised Plaintiff's final balance to $288.04.

11.     On April 22, 2022, Plaintiff paid the final balance of $288.04 via money order.

12.     On December 14, 2023 Plaintiff received a dunning letter from KTS attempting to collect a debt of $438.04 purportedly owed by Plaintiff to Solana Ridge apartments ("subject debt").

13.     Plaintiff subsequently discovered that KTS has been reporting subject debt on Plaintiff's Experian credit report.

14.     On January 23, 2024, Plaintiff sent a detailed credit dispute to Experian explaining that he paid the subject debt in full on April 22, 2022, further informing Experian that he did not owe the subject debt.

15.     Upon information and belief, KTS received notice of Plaintiff's dispute to Experian.

16.     Unfortunately, Defendants failed to remove the subject debt from Plaintiff's Experian credit report, as it continues to negatively impact his credit worthiness until today.

17.     After Plaintiff disputed the subject debt, Defendants failed to reasonably investigate the subject debt. Although Plaintiff satisfied the subject debt in April 2022, Defendants verified the erroneous subject debt and continued to report it to Plaintiff's Experian credit file.

4

18.     Specifically, Defendants inaccurately verified and re-verified that Plaintiff had a Balance of $438, a Past Due Amount of $438, and a Pay Status of in collections.

19.     Although the trade line should have been removed, Defendants have been reporting derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to one or more third parties until today. The inaccurate information consists of the subject debt reflecting an amount that Plaintiff does not owe.

20.     Despite KTS receiving notice of Plaintiff's disputes with Experian, KTS failed to conduct a reasonable investigation to correct the erroneous subject debt.

21.     The reporting of the subject debt is patently inaccurate and materially misleading because Plaintiff satisfied the trade line pertaining to the subject debt in April 2022, and therefore the subject debt is not owed by Plaintiff.

22.     Despite having actual knowledge that Plaintiff had satisfied the subject debt and that the debt was not owed by Plaintiff, Defendants failed to remove the subject debt from Plaintiff's credit files.

23.     Any reasonable investigation by Defendants would have revealed the materially inaccurate nature of the information on Plaintiff's consumer credit report.

24.     The inaccurate reporting of the subject account is misleading as it demonstrates that Plaintiff is not a trustworthy consumer.

25.     As a result of actions, and inactions of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, time, and money expended meeting with his attorneys, monitoring his credit file, and mental and emotional pain and suffering.

26.     Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his credit file.

**COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**(Against Experian)**

27.     Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28.     Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

29.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

30.     At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

31.     At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

32.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum

possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

33. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

34. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

35. Plaintiff provided Experian with all relevant information in his request for investigation to reflect that he had no obligation on the alleged subject debt and that the subject debt should be deleted.

36. Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject debt, when Plaintiff no longer owed the subject debt.

37. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

38.     Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete the information in Plaintiff's credit files.

39.     Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to KTS. Upon information and belief, Experian also failed to include all relevant information as part of the notice to KTS regarding Plaintiff's disputes that Experian received from Plaintiff.

40.     Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

41.     Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete inaccurate information that was the subject of Plaintiff's disputes.

42.     Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from KTS that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

43.     Experian knew that the inaccurate reporting of the subject debt would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

44.     The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

45.     Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

46.     By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

47.     It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

48.     Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information inaccurately.

49.     Experian acted reprehensively and carelessly by reporting the subject debt after Plaintiff put Experian on notice that the subject debt was to be deleted.

50.     Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

51.     As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE,** Plaintiff, ALEJANDRO H. VALERA, respectfully requests this Honorable Court for the following relief:

a. A finding that Experian's conduct as set forth herein violated the FCRA;

b. An Order enjoining Experian from reporting the fraudulent account;

c. An award of compensatory damages to Plaintiff to be determined by the jury;

d. An award of statutory damages of $1,000.00 for each violation of the FCRA;

e. An award of punitive damages to be determined by the jury; and

f. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and,

g. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against KTS)

52.     Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

53.     Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

54.     KTS is a "person" as defined by 15 U.S.C. §1681a(b).

55.     KTS is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

56.     At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

10

57.     KTS violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion, Equifax, Experian and Plaintiff.

58.     KTS violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Trans Union, Equifax, Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

59.     Had KTS reviewed the information provided by TransUnion, Equifax, Experian and Plaintiff, it would have corrected the inaccurate designation of the subject debt, transmitting the correct information to TransUnion, Equifax and Experian. Instead, KTS wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

60.     KTS violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's disputes with TransUnion, Equifax and Experian.

61.     KTS violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion, Equifax and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject debt.

62.     KTS violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's credit files.

63.     KTS failed to conduct a reasonable investigation of its reporting of the subject debt, record that the information was disputed, or delete the inaccurate information from Plaintiff's credit files within 30 days of receiving notice of the disputes from TransUnion, Equifax, and Experian under 15 U.S.C. §1681i(a)(1).

64.     Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, KTS did not correct the errors or trade line to report accurately. Instead, KTS wrongfully furnished and reported the inaccurate and misleading information after Plaintiff's disputes to one or more third parties.

65.     A reasonable investigation by KTS would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's credit files.

66.     Had KTS taken steps to investigate Plaintiff's valid disputes or TransUnion, Equifax and Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

67.     By deviating from the standards established by the debt collection industry and the FCRA, KTS acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion, Equifax and Experian.

**WHEREFORE,** Plaintiff, ALEJANDRO H. VALERA, respectfully requests this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that KTS immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST KTS)

68.     Plaintiff restates and realleges paragraphs 1 through 67 as though fully set forth herein.

69.     The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

70.     The subject debt qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

13

71.     KTS qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

72.     KTS qualifies as a "debt collector" because it acquired rights to the subject debt after it was in default or in the alternative, treated the subject debt as if it was in default. 15 U.S.C. §1692a(6).

73.     KTS's communications to Plaintiff were made in connection with a collection of the subject debt.

74.     KTS violated 15 U.S.C. §§1692e(2), e(8), e(10), and f, through its debt collection efforts on the subject debt.

**a.  Violations of FDCPA § 1692e**

75.     KTS violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time KTS demanded payment of the subject debt because it was paid in full. Specifically, Plaintiff did not have any legal or personal obligation to pay KTS as Plaintiff paid his obligation to Solana Ridge Apartments on April 22, 2022.

76.     KTS violated §1692e(8) by threatening and communicating patently false credit information to Trans Union, Equifax and Experian that it knew, or should have known, to be false by inaccurately reporting the subject debt as in collections and a high balance. This information was inaccurate and misleading because the subject debt was never owed and therefore Plaintiff had no obligations to KTS.

77.     KTS had actual knowledge that the alleged subject debt was false because it received notices of Plaintiff's disputes from Plaintiff, Trans Union, Equifax and Experian.

78.     Moreover, KTS violated §1692e(8) by failing to notate the subject debt as disputed.

79.     KTS violated §1692e(10) when it used false representations and/or deceptive means to collect and/or attempt to collect the subject debt. The subject debt was not owed at any time KTS demanded payment from Plaintiff.

### b.  Violations of FDCPA § 1692f

80.     KTS violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was not owed at any time KTS demanded payment and continued to report Plaintiff in collections with a high balance. Plaintiff did not have any legal obligation to pay KTS. Instead, KTS tried to dragoon Plaintiff into making a payment by attempting to mislead him into believing that he is delinquent on the subject debt and is still obligated to make payment on the subject debt.

81.     KTS attempted to coerce and induce the Plaintiff into paying a debt that was not legally owed.

82.     As an experienced debt collector, KTS knew or should have known the ramifications of collecting on a debt that was paid in full.

83.     Upon information and belief, KTS has no system in place to identify and cease collection of debts that were paid in full.

84.     As stated above, Plaintiff was severely harmed by KTS's conduct.

**WHEREFORE**, Plaintiff, ALEJANDRO H. VALERA, respectfully requests this Honorable Court for the following relief:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k;

d.  Enjoin KTS from further violations of law; and

e.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST KTS)

85.     Plaintiff restates and realleges paragraphs 1 through 84 as though fully set forth herein.

86.     Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

87.     The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

88.     KTS is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a.  Violations of RFDCPA § 1788.17**

16

89.     The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

90.     As outlined above, through its conduct in attempting to collection upon the subject debt, KTS violated 1788.17; and 15 U.S.C. §1692c(a)(1) of the FDCPA. Therefore, KTS engaged in deceptive and noncompliant conduct in its attempts to collect a debt, in violation of the RFDCPA.

91.     KTS willfully and knowingly violated the RFDCPA through its unlawful collection efforts. KTS's willful and knowing violations of the RFDCPA should trigger this Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff, ALEJANDRO H. VALERA, respectfully requests this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as this Honorable Court deems just and proper.

1

Dated: March 28, 2024                    Respectfully submitted,

2

3

4                                         **ALEJANDRO H. VALERA**
                                          By:*/s/ Alexander J. Taylor*

5                                         Alexander J. Taylor, Esq.
                                          Atlas Consumer Law
6                                         2500 S. Highland Avenue,
                                          Suite 200
7                                         Lombard, Illinois 60148
                                          Telephone: 331-3077646
8                                         Email: ataylor@sulaimanlaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28